UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOUGLAS,<br><br>                                **Plaintiffs**<br><br>     *- against -*<br><br><br><br>**CITY OF PEEKSKILL, ET AL.,**<br><br>                                **Defendants.** | **MEMORANDUM ORDER**<br><br>21 Civ. 10644 (KMK) (PED) |

**PAUL E. DAVISON, U.S.M.J.**:

    Plaintiff moves for an Order unsealing and directing production of:

1) All documents in the possession, custody or control of the WCDAO [Westchester County District Attorney's Office] regarding any arrest or criminal prosecution of any witness or other person investigated by the WCDAO in connection with the matter People v. Douglas, Indictment #2006-0395, including Jerry Newton, Yolanda Newton, Taquan Shealy, Tyrell Moseley, and Jason Tinsley; and

2) All documents in the possession, custody or control of the WCDAO concerning the grand jury proceedings in the matter of People v. Douglas, Indictment #2006-0395, including all minutes of witness testimony and exhibits.

[Dkt. 69.]   Defendant Westchester County opposes the motion in part. [Dkt. 70.]   Familiarity with the record is assumed.  Plaintiff's motion is **GRANTED IN PART and otherwise DENIED WITHOUT PREJUDICE**.

    As for the criminal history materials, plaintiff explains that the specified individuals were either witnesses at plaintiff's trial or are persons of interest who were investigated in connection wih the underlying crime.  Although plaintiff does not indicate why such materials are sealed, he cites NY Crim P. L. § 160.50, suggesting he is seeking materials relating to criminal proceedings which did not culminate in convictions of these individuals.  Plaintiff does not explain, however, why such records would be relevant to his claims in this case.  Westchester County does not

oppose release of records relating to Jerry Newton and Yolanda Newton to the extent that those records are contained within the County's files relating to the underlying criminal prosecution of plaintiff, but opposes blanket unsealing of other records.  I agree with the County that plaintiff has failed to show why sealed records not included in the County's files relating to his prosecution are relevant to his claims.  Accordingly, plaintiff's motion is denied without prejudice, except to the extent that sealed records are included in the County's files relating to plaintiff's prosecution.

As for the grand jury materials, plaintiff acknowledges that he already possesses grand jury minutes of witnesses Jerry Newton, Courtney Jones, Gregory Jones, Christopher Vazeos, and Marcos Martinez, which were apparently provided to him at the time of his underlying criminal trial.  Plaintiff has made no showing as to what other witnesses testified in the grand jury, nor has he shown why disclosure of additional testimony or exhibits are necessary to avoid injustice in this case.  Accordingly, I find that plaintiff has failed to show "particularized need" for additional grand jury materials, and that his blanket request for **all** grand jury materials is not "structured to cover only material [] needed."  *Colon v. City of New York*, 2014 WL 5026140 at *1 (S.D.N.Y. Sept. 30, 2014).  Plaintiff's request to unseal the full grand jury record is therefore denied, without prejudice to a more targeted request.

Westchester County is directed to produce the Jerry Newton and Yolanda Newton records as part of discovery in this action.  These materials shall be used solely in this action and for no other purpose, and shall be subject to any applicable protective order.  If an unsealing order is required, Westchester County shall submit a proposed order to the Court within five days.  Plaintiff's motion is otherwise **DENIED WITHOUT PREJUDICE.**

The Clerk shall close Dkt. 69.

Dated: March 10. 2023
      White Plains, New York

**SO ORDERED**

_____
Paul E. Davison, U.S.M.J.

3