UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MARC DOUGLAS,

       Plaintiff

                              CONFIDENTIALITY ORDER

   -against-                         21-cv-10644 ((KMK) (VR)

CITY OF PEEKSKILL, DET. MARCOS MARTINEZ,
DET. TODD GALLAGHER, P.O. CHRISTOPHER
VAZEOS, P.O. GREGORY JONES, THE
COUNTY OF WESTCHESTER AND JOHN DOES ##1-10,

       Defendants.

----------------------------------------------------------------X

**WHEREAS,** the parties and the County of Westchester ("County") may produce documents in this case that may contain sensitive, confidential, privileged or otherwise protected material; and

**WHEREAS,** the parties and the County jointly seek a "so ordered" Confidentiality Order ("Order") so as to facilitate discovery in this matter and to ensure appropriate protection for the confidentiality of sensitive materials.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for all parties, as follows:

    1.    As used herein, "Confidential Materials" shall mean all non-privileged documents related to the arrest, prosecution, and sentencing of Marc Douglas under Westchester County Ind. #2006-395, and all post-conviction litigation or investigations regarding that matter, including but not limited to arrest reports, prosecutors' notes, internal emails or memos, witness

interview notes, witness statements and any sealed documents in the matter of *People v. Jerry Newton.*, which are unsealed by order of the Court and may also include any documents designated in good faith as "Confidential Materials" by any party producing such materials. All materials designated "Confidential Materials" are subject to the dispute resolution provision set forth in paragraph 7, below.

2.  Neither any party nor the County shall use the Confidential Materials for any purpose other than for the preparation or presentation of its case and/or defense in this action.

3.  Neither plaintiff nor defendants nor the County shall disclose the Confidential Materials to any person, except under the following conditions:

    a.  Disclosure may be made only if necessary to the preparation or presentation of plaintiff's or defendants' case in this action, and only upon complying with the terms of this confidentiality order;

    b.  Disclosure before trial may be made only to the parties, to an expert who has been retained or specially employed by the parties' attorney in anticipation of litigation or preparation for this action, to a witness at deposition, to any insurance adjuster employed by a party, to any official(s) of the City of Peekskill whose approval or input is requred for litigation and/or resolution of this matter, or to the Court.

    c.  Before any disclosure is made to any expert or consulting expert retained by a party for this action, or as set forth in paragraph 3c, the attorney shall provide each such expert, or person identified in paragraph 3(b) with a copy of this Order, and such person shall consent not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.

   d. Disclosure may be made to any member of the staff of the attorney's law office to whom such disclosure is reasonably necessary to the preparation or presentation of plaintiff's case in this action.

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be either (1) filed as sealed documents on the electronic docket (ECF) in accordance with the Court's rules, or (2) delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

## **CONFIDENTIAL**

> This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or reveled except as the Court may order.

6. Nothing in this Order constitutes an admission or agreement that any documents or information is subject to discovery or is admissible as evidence in this case.

7. A party may object to a confidentiality designation, including any designation made at a deposition, at any time by notifying the producing party in writing, including by

email to the address that appears on the ECF docket sheet, of the objection and identifying the specific discovery material at issue. If the confidentiality designation cannot be resolved within three (3) business days after such notice is sent, the producing party may move within five (5) business days thereafter for a Protective Order from the Court. This five-day deadline may be extended by Court order only. The discovery material at issue shall continue to be treated as "Confidential" until the Court rules on the motion. Failure to move or seek an appropriate extension to do so as provided in this paragraph shall constitute a waiver of confidentiality by the producing party.

8. Any party may move to unseal a sealed filing at any time.

9. Within sixty (60) calendar days of the termination of this action by settlement or by judgment and the expiration of any and all appeals, all parties shall return to counsel for the producing party or the County all Confidential Materials received from such party including all copies, prints, summaries, and other reproductions of such information, in the possession of the parties, their counsel, or retained experts or consultants. As an alternative to returning all or part of any such Confidential Materials, parties may certify to counsel for the producing party or the County that they have shredded all unreturned Confidential Materials. Provided, however, that counsel for all parties may retain one archival copy of the confidential materials constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition exhibits, and trial and trial exhibits for their records.

Dated: New York, New York  
June 16, 2023

Dated: White Plains, New York  
June 16, 2023

| | |
|---|---|
| Arthur Gabriel Larkins, III<br>Hale & Monico, LLC<br>Attorney for Plaintiff<br>250 Park Avenue, 7th Floor<br>New York, New York 10177<br>Tel: (212) 810-2477<br>Email:alarkin@ahalelaw.com | Irma Cosgriff, Esq.<br>Associate County Attorney<br>Attorney for the County of Westchester<br>148 Martine Avenue, 6th Floor<br>White Plains, New York 10601<br>Tel: (914) 995-3577<br>Email: iwc1@westchestercountyny.gov |
| By: _____<br>Arthur Gabriel Larkin, Esq.<br>(by IWC) | By: _____<br>Irma Cosgriff, Esq. |
| Dated: White Plains, New York<br>June 16, 2023 | Dated: White Plains, New York<br>June 16, 2023 |
| James A. Randazzo<br>Portale Randazzo, LLP<br>245 Main Street, Suite 340<br>White Plains, NY 10601<br>(914) 359-2400<br>Email: jrandazzo@portalerandazzo.com | John J. Walsh, II<br>Hodges Walsh & Burke, LLP<br>55 Church Street, Suite 211<br>White Plains, NY 10601<br>(914) 385-6000<br>Email: jwalsh@hwb-lawfirm.com |
| By: _____<br>James A. Randazzo<br>(by IWC) | By: _____<br>John J. Walsh<br>(by IWC) |

_____   June 16, 2023
United States Magistrate Judge
Hon. Victoria Reznik