USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/8/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARC DOUGLAS,

                           Plaintiff,

          -against-

CITY OF PEEKSKILL et. al.,

                          Defendants.
------------------------------------------------------------------X

21-cv-10644-KMK-VR

**OPINION & ORDER**

VICTORIA REZNIK, United States Magistrate Judge:

## I. INTRODUCTION

Plaintiff seeks disclosure of fact work product, not opinion/core work product,[1] that is contained in certain documents listed on the County of Westchester's ("the County") privilege log. (ECF Nos. 77 and 91). The County objects to the disclosure of these documents on the grounds that they are opinion/core work product and subject to the deliberative process privilege. (ECF Nos. 82, 86, 86-1, and 89). On June 8, 2023, the Court held a telephonic conference and heard argument from both Plaintiff and the County. After this conference, the County submitted the documents outlined in Section II for *in camera* review.

Also, as explained in Section III, the County seeks an Attorney's Eyes Only ("AEO") provision for portions of Plaintiff's inmate files, which Plaintiff opposes. (ECF Nos. 82, 86, 86-1, 89, and 93) The County submitted these portions of the Plaintiff's inmate files for *in camera* review as well.

---

[1] Fact work product is defined as factual content such as statements of police officers and other witnesses, while opinion/core work product is generally defined as an attorney's mental processes. *Crosby v. City of New York*, 269 F.R.D. 267, 278 (S.D.N.Y. 2010); *Abdell v. City of New York*, No. 05 CIV. 8453 KMK JCF, 2006 WL 2664313, at *2 (S.D.N.Y. Sept. 14, 2006).

## II. WORK PRODUCT

The documents listed below were submitted for *in camera* review. The Court has reviewed the documents to determine if, and to what extent, the documents should be withheld from disclosure as opinion/core work product and/or pursuant to the deliberative process privilege.[2] After reviewing the documents *in camera*, this Court finds that the documents listed below fall into three categories: (1) documents to be disclosed in their entirety as they are entirely factual and not subject to the deliberative process privilege, (2) documents to be disclosed but with opinion/core work product redacted by the County in accordance with this Order, and (3) documents not to be disclosed because they constitute opinion/core work product in their entirety. If Plaintiff believes that the County's redactions are not consistent with this Order, Plaintiff is directed to seek relief by filing a letter-motion. Also, the County is reminded that all document disclosures must be conducted in accordance with Judge Paul Davison's March

---

[2] In their privilege log, the County also invokes the "deliberative process privilege" with respect to every document besides Document 45 (Arrest Report of Tyrell Mosley), Document 83 (Plaintiff's Probation File), and Plaintiff's Inmate Records for which they seek an AEO designation. The deliberative process privilege protects inter-agency documents that reflect advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated. *Hopkins v. U.S. Dep't of Hous. & Urb. Dev.*, 929 F.2d 81, 84–85 (2d Cir. 1991); *In re New York City Policing During Summer 2020 Demonstrations,* 563 F. Supp. 3d 84, 87 (S.D.N.Y. 2021). A document may be withheld pursuant to this privilege if it is: (1) "predecisional," i.e., prepared to assist an agency decisionmaker in arriving at his decision, and (2) "deliberative," i.e., actually related to the process by which policies are formulated. *Id.* The invocation of deliberative process privilege must be lodged by the head of the agency. *Schomburg v. New York City Police Dep't*, 298 F.R.D. 138, 144 (S.D.N.Y. 2014). Generally, if the factual portions of a document subject to the deliberative process privilege are severable without compromising the private remainder of the document, then the factual portions must be disclosed. *Allocco Recycling, Ltd. v. Doherty,* 220 F.R.D. 407, 412 (S.D.N.Y. 2004) (relying on *EPA v. Mink*, 410 U.S. 73, 91 (1973) *superseded on other grounds by* Pub. L. No. 93-502, 88 Stat. 1561 (1974), as stated in *C.I.A. v. Sims*, 471 U.S. 159 (1985).

As an initial matter, it is not clear that the deliberative process privilege is even applicable here, as this is a case where government attorneys communicated regarding how to handle one particular defendant's case, and not regarding an agency policy. Indeed, the County has not directed this Court to any case where this privilege applied to prosecutors' communications regarding how to handle a particular defendant's case. Moreover, the County has not provided any documentation to show that this privilege is being asserted by the "head" of a government agency. *Schomburg*, 298 F.R.D. at 144. However, whether the deliberative process privilege applies does not affect the ultimate outcome of this decision, which is that the factual portions of these documents must be disclosed and, if necessary, severed/redacted from the remainder of the document. *See Allocco* 220 F.R.D at 412.

10, 2023, Order that unsealed certain records related to Jerry and Yolanda Newton, but not for other individuals or for additional grand jury materials.  (ECF No. 71).

A. **Documents to be disclosed in their entirety as they are entirely factual and/or not subject to the deliberative process privilege.**

- *Document 11[3]: (Internal Documents)*
The County is ordered to disclose this document in its entirety as it is a criminal history record that does not contain opinion work product and is not subject to the deliberative process privilege.

- *Document 15: (Internal Documents)*
The County is ordered to disclose this document in its entirety as it is a criminal history record that does not contain opinion work product and is not subject to the deliberative process privilege.

- *Document 19[4]: (Internal Documents)*
The County is ordered to disclose this document in its entirety, to the extent it is not sealed and is not inconsistent with Judge Davison's March 10, 2023, Order, as it is a criminal history record that does not contain opinion work product and is not subject to the deliberative process privilege.

- *Document 20: (Internal Documents)*
The County is ordered to disclose this document in its entirety as it is a criminal history record that does not contain opinion work product and is not subject to the deliberative process privilege.

- *Document 29: (Internal Documents)*
The County is ordered to disclose this document in its entirety as it is a criminal history record that does not contain opinion work product and is not subject to the deliberative process privilege.

- *Document 33: (Internal Documents)*
The County is ordered to disclose this document in its entirety, to the extent it is not sealed and is not inconsistent with Judge Davison's March 10, 2023, Order, as it is a criminal history record that does not contain opinion work product and is not subject to the deliberative process privilege.

---

[3] The document received by the Court labeled as "Document 11" appears to correspond to "Document 19" on the privilege log, not "Document 11." In this Order, the Court refers to the document labeled "Document 11" that was submitted to the Court, not what is listed on the privilege log.

[4] The document received by the Court labeled as "Document 19" appears to correspond to "Document 11" on the privilege log, not "Document 19." In this Order, the Court refers to the document labeled "Document 19" that was submitted to the Court, not what is listed on the privilege log.

- *Document 34:* *(Internal Documents)*

The County is ordered to disclose this document in its entirety, to the extent it is not sealed and is not inconsistent with Judge Davison's March 10, 2023, Order, as it is a criminal history record that does not contain opinion work product and is not subject to the deliberative process privilege.

- *Document 35:* *(Internal Documents)*

The County is ordered to disclose this document in its entirety, to the extent it is not sealed and is not inconsistent with Judge Davison's March 10, 2023, Order, as it is a criminal history record that does not contain opinion work product and is not subject to the deliberative process privilege.

- *Document 43:* *(Internal Documents)*

The County is ordered to disclose this document in its entirety as it is a criminal history record that does not contain opinion work product and is not subject to the deliberative process privilege.

- *Document 45:* *(Misc. Documents)*

The County is ordered to disclose this document in its entirety, to the extent it is not sealed and is not inconsistent with Judge Davison's March 10, 2023, Order, as it appears to be a computer-generated criminal history record that does not contain opinion work product and is not subject to the deliberative process privilege.

- *Document 67:* *(Misc. Documents)*

The County is ordered to disclose this document in its entirety as it appears to be a chart regarding criminal convictions that does not contain opinion work product and is not subject to the deliberative process privilege.

- *Document 69:* *(Handwritten Notes)*

The County is ordered to disclose this document in its entirety as it does not contain opinion work product and is not subject to the deliberative process privilege, but rather contains notes regarding fact evidence i.e., chain of custody information.

- *Document 72:* *(Internal Documents)*

The County is ordered to disclose this document in its entirety as it is a criminal history record that does not contain opinion work product and is not subject to the deliberative process privilege.

- *Document 83:* *(Misc. Documents)*

The County is ordered to disclose this document in its entirety as it does not contain opinion work product and, instead, is a probation history file.

- *Document 93:* *(Internal Documents)*

The County is ordered to disclose this document in its entirety as it is a criminal history record that does not contain opinion work product and is not subject to the deliberative process privilege.

- *Document 100:* (Internal Documents)

The County is ordered to disclose this document in its entirety as it is a criminal history record that does not contain opinion work product and is not subject to the deliberative process privilege.

**B.    Documents to be disclosed but with opinion/core work product redacted.**

- *Document 3:* (Handwritten Notes)

The County is ordered to disclose this document but redact the handwritten opinion work product (i.e., attorney's mental processes).

- *Document 4:* (Typed email)

The County is ordered to disclose this document but redact the handwritten opinion work product (i.e., attorney's mental processes).

- *Document 21*: (Typed email)

The County is ordered to disclose this document but redact opinion work product (i.e., attorney's mental processes) regarding legal opinions, forming plea offers, and orders of protection.

- *Document 23*: (Typed email)

The County is ordered to disclose this document but redact opinion work product (i.e., attorney's mental processes) regarding legal opinions, forming plea offers, and orders of protection.

- *Document 91:* (Handwritten Notes)

The County is ordered to disclose this document but redact C.O.W. 02023 as it is opinion work product (i.e., attorney's mental processes) and includes preparatory questions to ask a witness.  In addition, the County is directed to review C.O.W. 02024 – 02031, which appears to be a grand jury transcript.  The County is reminded that C.O.W. 02024 – 02031 should not be disclosed to the extent it is inconsistent with Judge Davison's March 10, 2023, Order.

**C.    Documents not to be disclosed because they constitute opinion/core work product in their entirety.**

- *Document 5:* (Handwritten Notes)

The County is not ordered to disclose this document as it constitutes opinion work product in its entirety, namely handwritten trial preparation notes.

- *Document 6*: (Typed email)

The County is not ordered to disclose this document as it constitutes opinion work product in its entirety, namely an email concerning plea strategy.

5

- *Document 22*: *(Typed email)*

The County is not ordered to disclose this document as it constitutes opinion work product in its entirety and is an email concerning positions regarding an order of protection.

- *Document 36:* *(Handwritten Notes)*

The County is not ordered to disclose this document as it constitutes opinion work product in its entirety, namely handwritten trial preparation notes.

- *Document 41:* *(Handwritten Notes)*

The County is not ordered to disclose this document as it constitutes opinion work product in its entirety, namely handwritten trial preparation notes.

- *Document 42:* *(Handwritten Notes)*

The County is not ordered to disclose this document as it constitutes opinion work product in its entirety, namely notes regarding plea strategy.

- *Document 44:* *(Handwritten Notes)*

The County is not ordered to disclose this document as it constitutes opinion work product in its entirety, namely handwritten trial preparation notes.

- *Document 68:* *(Handwritten Notes)*

The County is not ordered to disclose this document as it constitutes opinion work product in its entirety, namely handwritten trial preparation notes.

- *Document 73:* *(Handwritten Notes)*

The County is not ordered to disclose this document as it constitutes opinion work product in its entirety, namely handwritten trial preparation notes.

- *Document 74:* *(Handwritten Notes)*

The County is not ordered to disclose this document as it constitutes opinion work product in its entirety, namely handwritten trial notes.

- *Document 75:* *(Handwritten Notes)*

The County is not ordered to disclose this document as it constitutes opinion work product in its entirety, namely handwritten notes regarding case disposition.

- *Document 76:* *(Handwritten Notes)*

The County is not ordered to disclose this document as it constitutes opinion work product in its entirety, namely handwritten trial notes.

- *Document 79:* *(Handwritten Notes)*

The County is not ordered to disclose this document as it constitutes opinion work product in its entirety, namely handwritten trial preparation notes.

- *Document 80:* (Handwritten Notes)

The County is not ordered to disclose this document as it constitutes opinion work product in its entirety, namely handwritten trial preparation notes.

- *Document 89:* (Misc. Documents)

The County is not ordered to disclose this document as it constitutes opinion work product in its entirety, namely attorney notes for trial preparation.

- *Document 98:* (Handwritten Notes)

The County is not ordered to disclose this document as it constitutes opinion work product in its entirety, namely handwritten trial preparation notes.

- *Document 101:* (Handwritten Notes)

The County is not ordered to disclose this document as it constitutes opinion work product in its entirety, namely handwritten trial notes.

- *Document 102:* (Handwritten Notes)

The County is not ordered to disclose this document as it constitutes opinion work product in its entirety, namely handwritten trial preparation notes.

### III. ATTORNEY'S EYES ONLY

The County submitted portions of Plaintiff's New York State Department of Corrections and Community Supervision ("DOCCS") Records containing highlighted sections that the County seeks to have designated as AEO because they include information about confidential informants ("CI") who shared information about Plaintiff's behavior while incarcerated. (ECF Nos. 86, 89, and 93). Plaintiff opposes this request because Plaintiff's counsel already received a complete copy of Plaintiff's inmate file from the State DOCCS without any restrictions and also received a copy from the Supreme Court, County of Westchester. (ECF No. 91). Plaintiff also contends that he may be questioned about the content of these documents at a deposition. *Id*. After receiving the documents, Plaintiff's counsel represented in substance to an Assistant District Attorney that for safety reasons he would not share the documents with his client. *Id.* To the best of his recollection, Plaintiff's counsel gave this assurance because his client was still incarcerated. *Id.* Plaintiff is no longer incarcerated. *Id.* Plaintiff's counsel has already produced

the entire file to counsel for the defendants (City of Peekskill, Martinez, and Gallaher). *Id.* Although Plaintiff objects to an AEO provision, he does not object to designating the documents as "confidential" under the confidentiality order. *Id.*

Informer's privilege is the Government's privilege to withhold from disclosure the identity of persons who furnish information regarding violations of law to officers charged with the enforcement of that law. *Roviaro v. United States*, 353 U.S. 53, 60 (1957). Informer's privilege can serve as the basis for an AEO provision. *Seward v Antonini*, 20-cv-9251 (KMK), 2022 U.S. Dist. LEXIS 132034 (S.D.N.Y. July 25, 2022). However, "the privilege disappears if either the informer or the government has disclosed the informer's identity." *State of N.Y. v. Cedar Park Concrete Corp.,* 130 F.R.D. 16, 21 (S.D.N.Y. 1990). Indeed, "…once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable." *Roviaro*, 353 U.S. at 60; *Arbelaez v. City of New York*, No. 17-CV-6543 (JMF), 2019 WL 5634174, at *2 (S.D.N.Y. Oct. 31, 2019). Consequently, informer's privilege disappeared when these portions of the inmate file were disclosed by DOCCS and the Supreme Court, County of Westchester and an AEO provision will not be imposed now.

## CONCLUSION

On or before August 18, 2023, the County is ordered to make disclosures in accordance with this Order. In addition, on or before August 18, 2023, the County is directed to send a representative to retrieve the documents that were submitted for *in camera* review or otherwise advise the Court about their disposal.

**SO ORDERED.**

DATED:   White Plains, New York
         August 8, 2023

_____
VICTORIA REZNIK, U.S.M.J.