# Hale & Monico LLC

Arthur G. Larkin
Direct (212) 810-2477
alarkin@halemonico.com

**53 W. Jackson Blvd.**
**Ste. 330**
**Chicago, IL  60604-3406**
**312-341-9646**
**312-341-9656 (fax)**

**7 S. Fairview, Ste.  201**
**Park Ridge, IL 60068**
**847-696-9021 (fax)**

**456 Fulton Ave.**
**Ste. 218**
**Peoria, IL 61602**
**309-839-8396**
**309-637-1106 (fax)**

**250 Park Ave.**
**7th Floor**
**New York, NY 10177**
**212-810-2477**

---

January 16, 2024

**BY ECF**
Hon. Victoria Reznik
United States Magistrate Judge
United States District Court
300 Quarropas Street
White Plains, New York 10601

**MEMO ENDORSED**

    Re:    <u>Douglas v. City of Peekskill, et al.</u>, 21-CV-10644 (KMK) (VR)

Your Honor:

    We represent plaintiff Marc Douglas in this civil rights matter, in which plaintiff alleges malicious prosecution and fair trial claims against the City of Peekskill, and Peekskill police officers Todd Gallaher and Marcos Martinez.  We write to request an <u>immediate</u> order directing the City of Peekskill to comply with its basic discovery obligations in connection with a deposition scheduled for this Friday, January 19, which the City has noticed to take place by remote means.  Specifically, we request that the court direct the City to turn over an unredacted copy of a police report concerning the witness, Yolanda Newton, which we first requested on November 9, 2023, more than two months ago.  We have attempted multiple times to resolve this simple matter without court intervention but the City's lack of cooperation, unfortunately, necessitates this application.

    The document we requested is directly relevant to the witness' deposition.  The report concerns a complaint made by Yolanda's brother Jerry Newton – also a key witness in the case who testified at plaintiff's criminal trial, and who appeared for deposition on October 4, 2023 – that in October, 2006, prior to plaintiff's criminal trial, his sister Yolanda, had "stole[n] his checkbook and has been writing checks out and signing his name."  During discovery, the City produced a copy of the report in which Yolanda's name had been manually redacted (*see* <u>Exhibit A</u>).  On November 9, we requested that the City provide an unredacted copy since Yolanda was likely to be a witness in the case.  The City agreed to do so.  However, since that time, the City's counsel has indicated, alternatively, that the City cannot locate a clean copy; that "it's possible the file was sealed and not retained"; that counsel's copy was on a disk that was corrupted; and that counsel's copy was moved to a storage facility somewhere and cannot be located.

A similar issue arose with regard to another police report that we requested, and the City's counsel initially claimed that the City did not have the document.  We asked counsel to take the simple step of asking the police department to input the event number of the report we were looking for (which we were able to find from the police desk log book), and see if the reports could be found.  Not surprisingly, the City located the reports and produced them within a few days (*see* email attached as <u>Exhibit B</u>).  Here, similarly, we have asked counsel to take the same, basic step, but counsel has not confirmed that he has done so, although counsel states (as he did last time) that he has requested the document but that the police department does not have it.  Plaintiff should not have to ask defense counsel to do the bare minimum necessary to locate relevant documents, nor should plaintiff have to waste the court's time writing to request that the court direct defense counsel to do so.

The City has offered to stipulate that Yolanda Newton's name is redacted from the document, but as a non-party Yolanda Newton is not bound by any stipulation the parties may make, and unless her name appears in the document the deposition questioning will be awkward and cumbersome.  For this reason, a clean copy of the document is needed.

Accordingly, we request that the court direct the City to produce the document regardless of whether the file was sealed, and that the court also direct the City to input the event and case numbers that appear on the face of the report (*see* <u>Exhibit A</u>), print and produce a clean copy, in advance of Friday's deposition.

We thank the court for its assistance in this regard.

              Respectfully submitted,

               /s/
              Arthur G. Larkin, Esq.
              HALE & MONICO, LLC

AGL/m

Attachments
cc: All Counsel (by ECF)

The City of Peekskill shall file a response to this letter by the end of the day on 1/17/24.

SO ORDERED.

/s/ Hon. Victoria Reznik, U.S.M.J.

Dated: 1/16/24