```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/12/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARC DOUGLAS,

                 Plaintiff,

        -against-

CITY OF PEEKSKILL et. al.

                Defendants.
------------------------------------------------------------------X

21-cv-10644

**OPINION & ORDER**

VICTORIA REZNIK, United States Magistrate Judge:

    The Court has received multiple letters from Plaintiff and the non-party County of Westchester. (ECF Nos. 123, 129, 130, 131, 137, and 138). The County requests an order directing Plaintiff to return and destroy ("claw back") certain inadvertently disclosed documents, and Plaintiff requests permission to conduct a short deposition of former ADA Darcy Rydlun. For the reasons below, the County's request is **DENIED** and Plaintiff's request is **GRANTED**.

**COUNTY OF WESTCHESTER'S CLAW BACK REQUEST**

    The County's March 8 Letter requested that two categories of documents be clawed back: (1) Exhibits 6, 7, and 8 from ADA Tim Ward's February 28 Deposition and (2) Fourteen documents that the County inadvertently disclosed on a flash drive on March 22, 2023.[1] (ECF No. 123). Plaintiff's March 15 response letter listed the relevant documents by Bates number and attached them as sealed exhibits, using different exhibit numbers than those assigned at ADA Ward's deposition.[2] (ECF Nos. 130, 130-1 to 130-23; 131). The County filed a reply

---

[1] The County did not submit copies of Exhibits 6, 7, and 8 from ADA Ward's deposition, but did identify their Bates numbers in a footnote. (ECF No. 123 at n. 1). The County did not identify the other fourteen documents by Bates number, or clearly describe them in any way, but did offer in a footnote to submit them for *in camera* review. (*Id.*)

[2] Plaintiff submitted their email correspondence with the County from March 8 to show which documents/Bates numbers are at issue. (ECF No. 130-1).

letter on March 22 in which they appear to clarify that the documents they seek to claw back are limited to Exhibits 9, 11, 13[3], 14, 19, 20, and 21 from Plaintiff's March 15 Response Letter, as well as Bates numbers 2206-2211 and 2647-2658.[4] (ECF No. 137). Plaintiff filed a reply letter on March 25 that addresses the extent to which the County Attorney objected to certain documents marked and used during the Ward Deposition, and also tries to clarify which documents are disputed. Plaintiff adds that the County raised for the first time in their March 22 Letter their intent to claw back Ex. 19 to Plaintiff's March 15 Letter.[5] (ECF No. 138).

Based on the parties' submissions, it appears that the documents currently at issue are Exhibits 9, 11, 14, 19, 20, and 21 from Plaintiff's March 15 Response Letter, as well as Bates numbers 2206 – 2211, 2647 – 2658. The Court addresses each of these documents below.[6]

### *Exhibit 9 (Bates Nos. 2076 – 2111); Exhibit 11 (Bates Nos. 2193 – 2204)*

These documents consist of handwritten notes by ADA Ward. (Ex. 9 (ECF Nos. 130-9; 130-10); Ex. 11 (ECF No. 130-12 at 4 – 7)). During an earlier privilege log dispute between the Plaintiff and the County in August 2023, the Court reviewed these documents *in camera* and

---

[3] As the Court understands, the County agreed not to claw back portions of Exhibit 13, which they identified as Bates numbers 2314 – 2315, 714 – 715, and 2642 – 2643. (ECF No. 137 at n. 1). But, Exhibit 13 has no other Bates numbers other than those the County agreed not to claw back. (*Id.*) Thus, it appears that the County does not seek to claw back any portion of Exhibit 13. In any event, Exhibit 13 is composed of criminal history documents, like those the Court previously ordered the County to disclose, as they did not contain opinion work product and were not subject to the deliberative process privilege. (ECF No. 94 at 3 – 5). Thus, to the extent the County does seek to claw back Exhibit 13, the Court denies that request.

[4] Exhibits 6, 7, and 8 from ADA Ward's Deposition were attached as Exhibits 11, 9, and 20, respectively, to Plaintiff's March 15 Letter. The County submitted Bates numbers 2206-2211 and 2647-2658 for *in camera* review on March 27, 2024.

[5] Referring to the County's March 22 Letter, Plaintiff's counsel mentions that "the County appears to demand that plaintiff return twenty-nine (29) separate PDF's" identified as "'Part' numbers." (ECF No. 138 at 1). The Court agrees that the County's footnote is confusing but does not interpret it the same way. As noted above, the only documents the County seeks to claw back are Exhibits 9, 11, 14, 19, 20, and 21 from Plaintiff's March 15 Response Letter, as well as Bates Numbers 2206-2211 and 2647-2658. If the Court is mistaken about this, the County should advise the Court.

[6] The County's March 22 Letter mentions that this Court previously deemed certain grand jury documents to be protected by the deliberative process privilege. (ECF No. 137 at 2). But this is not accurate. In fact, the Court's previous ruling noted that "it is not clear that the deliberative process privilege is even applicable here" and that – in any event – "whether the deliberative process privilege applies does not affect the ultimate outcome of this decision." (ECF No. 94 at n. 2).

concluded that the County did not have to disclose them because they constituted opinion work product. (ECF No. 94 at 7). Now months later, it appears that the County inadvertently produced these documents to the Plaintiff, who then marked them as Exhibits 6 and 7 at ADA Ward's deposition. (ECF Nos. 123 at 1; 130 at 3 – 4).[7]

The transcript of the Ward deposition does not reflect that the County Attorney, or any other attorney, objected to the use of these documents. (ECF No. 130-11). To the contrary, the County Attorney, on the record, asked to review both documents and did not object on the record to either of them. (*Id.* at 5, 15). In fact, after testimony had already been taken about the documents, the County Attorney stated on the record "Seven is fine." (*Id.* at 15). The County Attorney reports that she "immediately notified counsel that these documents were privileged," and that she "left a voicemail and sent a formal email" clawing back the documents the next day. (ECF Nos. 123 at 2). The County Attorney also adds that she did not formally object "because Plaintiff's counsel concealed the fact he had received these unredacted privileged documents until the last moment." (ECF No. 137 at 2). The Court does note that the deposition transcript reflects that two off-the-record discussions took place. (ECF No. 130-11 at 8). But the Court cannot verify what was said off the record, and the County Attorney did not at any point preserve an objection on the record or put a stop to Mr. Ward's testimony about these documents.

Failing to object to the use of privileged documents during depositions may constitute a waiver. *United States v. Wells Fargo Bank, N.A.*, No. 12-CV-7527 JMF, 2015 WL 5051679, at *4 (S.D.N.Y. Aug. 26, 2015) (finding that failure to object to use of an exhibit during deposition "plainly constituted a waiver"); *Certain Underwriters at Lloyd's, London v. Nat'l R.R. Passenger Corp.*, 218 F. Supp. 3d 197, 202 (E.D.N.Y. 2016) ("Amtrak has waived privilege and work-

---

[7] Unless otherwise stated, all page numbers refer to the blue ECF page numbers at the top of each ECF-filed page.

product protection for Exhibits 26 and 44 by failing to seek to preclude their introduction and use at the Noonan deposition."); *see also In re Actos Antitrust Litigation,* No. 130cv-09244, at *3 (S.D.N.Y Nov. 23, 2023) (finding ample precedent in this Circuit to support waiver of privilege over document used at deposition without objection). Here, the County blames the Plaintiff for using exhibits in Mr. Ward's deposition that they claim were obviously privileged. (ECF No. 123 at 2). But that same argument works against the County. If the privileged nature of the documents was obvious, then the County should have recognized their inadvertent disclosure immediately at the deposition. Yet the County failed to assert privilege over the documents at the deposition, made no objections on the record about their use, and allowed Mr. Ward to answer questions about them. Thus, given the circumstances here, the Court finds that any privilege over these documents was waived during the deposition and that no claw back is warranted.

       The County refers to Rule 502(b) of the Federal Rules of Evidence, which states that the inadvertent disclosure of privileged materials will not constitute a waiver if (1) the disclosure is inadvertent, (2) the holder of the privilege or protection took reasonable steps to prevent disclosure, and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Fed. R. Civ. P. 26(b)(5)(B). Fed. R. Civ. P. 502(b). Although the County argues that they took reasonable steps to prevent the disclosure of privileged material and promptly attempted to rectify their inadvertent disclosure (ECF Nos. 123 at 3; 137 at 3), the Court disagrees.

       It may be true that the County "spent many hours reviewing thousands of documents, redacting those portions that were privileged, drafting and submitting a nineteen (19) page PL… and engaging in motion practice regarding these issues…." (ECF No. 123 at 3). But the resulting

production was disorganized and haphazard, as even the Court recognized when trying to conduct its *in camera* review.  Indeed, the Court largely had to rely on Plaintiff's submission to sort out and identify which documents the County was even talking about.  The County did not clearly identify the documents at issue in their initial submission (ECF No. 123), and then when Plaintiff submitted the documents for the Court's review, it was evident that the County produced certain documents many times.  (ECF No. 130).  For instance, ADA Rydlun's Memo (referenced below as Ex. 20), was produced at least twice with different Bates numbers each time.  (ECF No. 130-21).  That Plaintiff identified many other instances when the County produced the same purportedly privileged documents several times, unbeknownst to them, further supports the Court's opinion.  (ECF No. 130 at 1).

Similarly, the County failed to promptly rectify their inadvertent disclosure.  As noted above, during the deposition, the County received a copy of the marked exhibits and then let Mr. Ward testify about them at length without objections.  (ECF No. 130-11).  That the County later changed its mind about the use of those documents after the deposition does not cure the waiver.  Had the County immediately objected to the use of the marked exhibits at the deposition and instructed Mr. Ward not to answer any questions about them, the Court's ruling likely would be different.

### *Exhibit 14 (Bates Nos. 2331 – 2332)*

The County mentions this document in footnote 2 of their privilege log.  (ECF No. 86-2 n. 2).  This document was not the subject of the parties' August 2023 privilege dispute (ECF No. 94), and thus was not previously reviewed *in camera* by the Court.  After further review, this document appears to be a form that accompanied the physical case file to Plaintiff's criminal case.  (ECF No. 130-15).  It is unclear from the County's submission to whom this form was

submitted. But on its face, this form is not a grand jury exhibit, nor does it appear to contain any privileged communications or work product. Thus, the Court will not claw back this document.

### *Exhibit 19 (Bates Nos. 4401 – 4402)*

This document is not on the County's privilege log and was not the subject of the parties' August 2023 privilege dispute. (ECF Nos. 86-2, 94). In any event, the County now asserts privilege over this document and asks that it be clawed back. This appears to be a form and a page of handwritten notes that accompanied the case file of criminal cases against Yolanda Newton and Clark Rosado. (ECF No. 130-20). This document does not appear to contain privileged information or work product and the Court will not order that it be clawed back.

### *Exhibit 20 (Bates Nos. 2769 – 2771, 2808 - 2810)[8]*

The County mentions this document in footnote 2 of their privilege log. (ECF No. 86-2 n. 2). This document was not the subject of the parties' previous privilege dispute and therefore not previously reviewed *in camera* by the Court. (ECF No. 94). This document is a memorandum prepared by ADA Rydlun listing the facts of *People v. Marc Douglas, Ind. No. 2006-395* and summarizing grand jury witness testimony. (ECF No. 130-21). As with Exhibits 9 and 11 above, the County inadvertently produced this document, it was marked during ADA Ward's deposition, who testified about it during his deposition, and no objection was placed on the record. (ECF Nos. 94 at 7; 123 at 1; 130 at 4; 130-11 at 4 – 7).

To the extent the County argues that this document is privileged, that privilege was waived by the County's failure to object to the use of the document during the deposition. *Wells Fargo Bank, N.A.*, 2015 WL 5051679, at *4; *Certain Underwriters at Lloyd's,* London, 218 F. Supp. 3d at 202. As a result, the Court will not claw back the document on this basis.

---

[8] Plaintiff refers to this exhibit as "Bates 2769-81," but that appears to be a typographical error as this exhibit is Bates Numbers 2769 – 2771.

To the extent the County argues that this document should be clawed back because it is a grand jury document, that argument also lacks merit. The County asserts that Judge Paul Davison ruled that this document is a grand jury document to which Plaintiff is not entitled. (ECF No. 123 at n. 1). But Judge Davison's March 10, 2023, Order held that Plaintiff "failed to show 'particularized need' for additional grand jury materials" – specifically mentioning "additional testimony or exhibits" – beyond the grand jury minutes that Plaintiff already possesses. (ECF No. 71 at 2). Exhibit 20 was not entered as a grand jury exhibit, nor does it constitute "additional testimony or exhibits." Instead, it merely summarizes the grand jury testimony of witnesses for whom Plaintiff already has a copy of their actual minutes. (ECF No. 130 at 5). Also, Judge Davison's Order denied Plaintiff's request to unseal the "full" grand jury record, but he did so without prejudice for Plaintiff to follow up with "a more targeted request." (ECF No. 71 at 2). Thus, Judge Davison's Order does not preclude disclosure of Exhibit 20.

In any event, Plaintiff has shown the requisite "particularized need" to receive this document. *Colon v. City of New York*, No. 12-CV-9205 JMF, 2014 WL 5026140, at *1 (S.D.N.Y. Sept. 30, 2014) (noting that a party must show a particularized need by demonstrating that the requested material is needed to prevent injustice in another judicial proceeding, outweighs the need for secrecy, and covers only necessary material) (collecting cases). Plaintiff has shown that this one document is relevant to their need to assess the accuracy of the grand jury testimony, and the extent to which the police shared information with the District Attorney. (ECF No. 130 at 5 – 6). Moreover, since "the underlying trial is long over," the "interest in secrecy is weakened." *Compare Colon*, 2014 WL 5026140, at *2. And, as noted above, this document merely summarizes the grand jury testimony of witnesses for whom Plaintiff already has a copy of their actual minutes. Given the importance of the issues discussed in these

7

documents to Plaintiff's case, the limited nature of the material being requested, and the weakened need for continued secrecy, Plaintiff has established the requisite particularized need for their disclosure.

### *Exhibit 21 (Bates Nos. 2788 – 2791; 2828 – 2831)*

Exhibit 21 mainly contains documents that were not on the County's privilege log and that were not the subject of the parties' earlier privilege dispute.[9] This document appears to be an email chain between the District Attorney's office and third parties that includes both attorneys and non-attorneys. (ECF No. 130-22). The subject matter relates to the release of property seized by the police and the exchange of contact information among counsel. This document does not appear to contain privileged information or work product and the Court will not order that it be clawed back.[10]

### *Bates Nos. 2206-2211, 2647-2658:*

These documents are included on the County's privilege log but were not subject to the parties' August 2023 privilege dispute. (ECF Nos. 86-2 at 2 – 3; 94). These documents are criminal history and criminal justice database search documents. They appear to be similar to documents the Court previously ordered the County to disclose in August 2023, as they do not contain opinion work product and are not subject to the deliberative process privilege. (ECF No. 94 at 3 – 5). Thus, the Court will not order that these documents be clawed back.

### **PLAINTIFF'S REQUEST TO DEPOSE FORMER ADA DARCY RYDLUN**

Plaintiff requests permission to conduct a short deposition of former ADA Rydlun to preserve her testimony for trial, even though the ultimate discovery deadline has passed. (ECF

---

[9] Bates numbers 2788 – 2789 are noted in a footnote on the County's privilege log but do not appear to have been the subject of the parties' August 2023 privilege dispute. Yet, it is unclear from the privilege log whether the County asserts privilege over them. (ECF No. 86-2 at n. 6).
[10] The Court notes that this document already appears to have redactions.

No. 130 at 7). The County's March 22, 2024, Letter does not state their position on whether they oppose Plaintiff's request to depose ADA Rydlun. (ECF No. 137). Rather, the County emphasizes their view that Plaintiff's counsel improperly communicated with ADA Rydlun. (*Id.*) The Court agrees that the better practice would have been for Plaintiff's counsel to notify the County about his intention to contact former ADA Rydlun before doing so, given the nature of her role and the fact that the County represented another ADA (Mr. Ward) during his deposition. But it appears that Plaintiff's counsel had a good faith basis to contact former ADA Rydlun about her knowledge of this case and made his identity known to her before asking any questions. (ECF No. 130 at 7). In any case, the question before the Court is whether Plaintiff's counsel may depose ADA Rydlun at this stage of the case. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Given that ADA Rydlun authored a memorandum (referenced above as Exhibit 20) about the grand jury proceeding in the underlying criminal case, Plaintiff has established that her testimony would be relevant to his claims. Thus, the Court grants Plaintiff's request to depose ADA Rydlun, but limits the deposition to no more than two hours to be conducted remotely. The Court encourages the parties to pursue a written affidavit or stipulation instead of a deposition, given ADA Rydlun's statement to Plaintiff's counsel that "she has no independent recollection of the case." (ECF No. 130 at 7).

## CONCLUSION

For the reasons above, the County's request is **DENIED** and Plaintiff's request is **GRANTED**. Plaintiff submitted a request to seal (ECF No. 129) their March 15 letter and

9

related filings (ECF Nos. 130, 130-1 to 130-23, and 131[11]), to which the County did not respond. Considering today's ruling, the parties shall submit a joint letter stating their positions on sealing ECF Nos. 130, 130-1 to 130-23, and 131, by April 11, 2024.

    **SO ORDERED.**

DATED:    White Plains, New York
              April 12, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge

---

[11] ECF No. 131 is the proposed redacted version of ECF No. 130.