UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARC DOUGLAS,

                    Plaintiff,

-against-

CITY OF PEEKSKILL et. al.,

                    Defendants.
------------------------------------------------------------------X

21-cv-10644

**OPINION & ORDER**

VICTORIA REZNIK, United States Magistrate Judge:

## BACKGROUND

On March 8, 2024, the County filed a letter-motion seeking to claw back certain inadvertently disclosed documents. (ECF No. 123). On March 15, 2024, Plaintiff filed under seal a response letter with twenty-three exhibits attached (ECF Nos. 130, 130-1 to 130-23).[1] Plaintiff contemporaneously filed a letter requesting to file ECF Nos. 130 and 130-1 to 130-23 under seal. (ECF No. 129). To date, these ECF Nos. have remained temporarily under seal. On April 12, 2024, this Court issued an Opinion & Order on the County's claw back motion and directed the parties to submit a joint letter regarding their positions on whether, and to what extent, ECF Nos. 130 and 130-1 to 130-23 should remain under seal. (ECF No. 144). On April 17, 2023, the parties filed their joint status letter, discussed below. (ECF No. 149).

## DISCUSSION

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). A "judicial document" is "a filed item that is 'relevant to the performance of the judicial function

---

[1] A redacted version of these filings was publicly filed as ECF No. 131.

and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch*, 435 F.3d at 119).  To overcome the presumption of public access, the court must make specific, on the record findings for each individual document that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (citation omitted); *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019).  Although the presumption of public access attaches to all judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions[.]" *Brown*, 929 F.3d at 41, 50. "Thus, while a court must still articulate specific and substantial reasons" for sealing material filed in connection with a discovery dispute, "the reasons usually need not be as compelling as those required to seal" filings connected to a dispositive motion.  *Id.*

As explained below, the Court resolves the parties' sealing requests as follows:

**<u>ECF No. 130</u>**:

This is Plaintiff's March 15 letter, which Plaintiff argues should now become public, given the Court's April 12 ruling.  (ECF No. 149).  Neither the County nor Defendants take a position.  (ECF No. 149).  Thus, the Court finds no reason for this to remain under seal.

**<u>ECF Nos. 130-1, 130-2, 130-3, 130-4, 130-5, 130-6, 130-7, 130-8, 130-11, 130-13, 130-15, 130-16, 130-17, 130-18, 130-19, 130-23 ("Ex: 1, 2, 3, 4, 5, 6, 7, 8, 10, 12, 14, 15, 16, 17, 18, 22"[2]):</u>**

Plaintiff states that these exhibits should be publicly filed and neither the County nor Defendants take a position either way.  (ECF No. 149).  Thus, the Court finds no reason why these exhibits should remain under seal.

---

[2] The parties refer to the documents at issue by the exhibit numbers assigned to them when they were filed as attachments to Plaintiff's March 15 letter.  The exhibit numbers to Plaintiff's March 15 letter are listed in parenthesis.

***ECF Nos. 130-9, 130-10, and 130-12 ("Ex. 9 and 11")***:

These documents are a prosecutor's handwritten notes about Plaintiff's criminal case. Plaintiff submits that these documents "should remain sealed" as the County designated them as confidential under the protective order, although Plaintiff notes that they object to this designation. (ECF No. 149 at 1). The County argues that these documents should remain sealed because they are "core work product." (*Id.* at 2). Defendants take no position. (*Id.*) The Court's April 12 Order noted that these documents were privileged, but that the County waived their privilege by failing to object when the documents were marked and discussed during a deposition. (ECF No. 144 at 2 – 5). Even so, because these documents are a prosecutor's handwritten notes and reflections regarding a criminal case, the Court finds that it would preserve higher values for them to remain under seal. Also, based on the Court's review of the documents, sealing them in their entirety would be the most narrowly tailored means of sealing.

***ECF No. 130-14 ("Ex. 13")***:

This document is an individual's criminal history record. Plaintiff submits that this exhibit "should remain sealed" as the County designated it as confidential under the protective order. (ECF No. 149 at 1). The County agrees that this document should remain under seal because it is covered by the parties' Confidentiality Order and because it is an individual's criminal history record. (*Id.* at 2). Defendants take no position. (*Id.*) The Court agrees with Plaintiff and the County that this document should remain under seal, as it preserves higher values to keep an individual's criminal history record sealed. Also, based on the Court's review of this document, sealing it in its entirety would be the most narrowly tailored means of sealing.

*ECF No. 130-20 ("Ex. 19")*:

This document pertains to sealed criminal cases. Plaintiff submits that this exhibit "should remain sealed" as the County designated it as confidential under the protective order. (ECF No. 149 at 1). The County agrees that this document should remain under seal because it relates to sealed criminal cases. (*Id.* at 2). Defendants take no position. (*Id.*) Although the Court noted in its April 12 Order that this document is not privileged, the Court agrees with Plaintiff and the County that this document should remain under seal, as it preserves higher values to keep information pertaining to sealed criminal cases from being publicly filed. Also, based on the Court's review of this document, sealing it in its entirety would be the most narrowly tailored means of sealing.

*ECF No. 130-21 ("Ex. 20")*:

This document is a memorandum prepared by a prosecutor that summarizes Plaintiff's grand jury proceedings. Plaintiff submits that this exhibit "should remain sealed" as the County designated it as confidential under the protective order, although Plaintiff notes that they object to this designation. (ECF No. 149 at 1). The County argues that this document should remain sealed because it is a memorandum prepared by a prosecutor about a grand jury proceeding and is covered by the protective order. (*Id.* at 2). Defendants take no position. (*Id.*) Although the Court noted in the April 8 Order that Plaintiff was entitled to receive this document in discovery, because this document summarizes confidential grand jury proceedings, the Court finds that it would preserve higher values for it to remain under seal. Also, based on the Court's review of this document, sealing it in its entirety would be the most narrowly tailored means of sealing.

*ECF No. 130-22 ("Ex. 21")*:

Plaintiff submits that this document should not be filed under seal because it is an email thread between a prosecutor and outside counsel that is not privileged. (ECF No. 149 at 1). The County contends that this document should remain under seal because "it was erroneously included in a file in the Douglas case and is not related to the facts in Douglas." (*Id.* at 2). Defendants take no position. (*Id.*) The County also notes that it is "unclear why Plaintiff is seeking to place it on the public docket." (*Id.*) But judicial documents are presumed public unless a party seeks to seal them, not the other way around. *See Lugosch,* 435 F.3d at 124 (2d Cir. 2006). The County has not alerted the Court to any sensitive information contained within the document that would warrant sealing to preserve a higher value. Thus, this document should not remain under seal.

## CONCLUSION

For the reasons outline above, the Clerk of Court shall change the viewing levels of ECF Nos. 130, 130-1, 130-2, 130-3, 130-4, 130-5, 130-6, 130-7, 130-8, 130-11, 130-13, 130-15, 130-16, 130-17, 130-18, 130-19, 130-22, and 130-23 to public. Also, the Clerk of Court shall keep the viewing levels of ECF Nos. 130-9, 130-10, 130-12, 130-14, 130-20, 130-21 as only viewable to selected parties. Lastly, the Clerk of Court is directed to close out ECF No. 129.

**SO ORDERED.**

DATED:   White Plains, New York
         April 22, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge

5